UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

UNITED STATES OF AMERICA,  :

                                                              :       16 Cr. 441 (PAC)

    - against -                                     :       21 Cr. 271 (PAC)

                                                              :       **ORDER**

ROBERT RUSSO,  :

    *Defendant.*  :

-------------------------------------------------------------------X

    Defendant Robert Russo, proceeding *pro se*, moves the Court to correct its judgment pursuant to Federal Rule of Criminal Procedure 36. Specifically, Russo requests the Court make a recommendation for a residential reentry center ("RRC") placement at the conclusion of his 40-month term of imprisonment.[1] The Court **DENIES** the motion for several reasons.[2]

    First, "[o]ther courts in this circuit considering motions for recommendations regarding RRC placement have construed such motions as petitions under 28 U.S.C. § 2241." *United States v. Henderson*, 15 Crim. 487-18, 2019 WL 1460402, at *2 n.4 (S.D.N.Y. Mar. 18, 2019) (collecting cases). Thus, properly construing Russo's motion not as one for a corrected judgment under Rule 36 but as one under section 2241, Russo must first exhaust his administrative remedies, and the Court has no indication that he has done so. *See United States v. Norville*, No. 10 CR 1046 (VM), 2022 WL 110291, at *2 (S.D.N.Y. Jan. 12, 2022).

---

[1] Initially, Russo requested the Court recommend a 12-month placement. *United States v. Russo*, 1:16-cr-00441-PAC, ECF No. 89. He has since amended his request and asks for a 6-month placement. *Id.*, ECF No. 95.

[2] Because this motion is *pro se*, the Court liberally construes Russo's claims "to raise the strongest arguments that they suggest." *Minier v. United States*, No. 16-CR-23 (PAC), 2021 WL 1292820, at *4 (S.D.N.Y. Apr. 7, 2021) (quoting *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006)).

Second, even construing Russo's motion as justiciable, the Court declines to grant his request. Under 18 U.S.C. § 3624(c)(1) as amended by the Second Chance Act, the BOP "shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c)(1). This provision gives BOP the power to determine whether an RRC placement is appropriate, as the BOP has the exclusive statutory power to "designate the place of the prisoner's imprisonment." 18 U.S.C. § 3621(b); *United States v. Venkataram*, No. 06-CR-102 (JPO), 2016 WL 11448569, at *2 (S.D.N.Y. Dec. 12, 2016). "Inmates are evaluated for RRC placement on an individual basis using the criteria listed in 18 U.S.C. Section 3621(b)." *Norville*, 2022 WL 110291, at *1. Within these criteria, the BOP may consider the recommendation of a court in determining whether to place a defendant in an RRC. *See United States v. Balis*, No. 03 CR 1028(GEL), 2007 WL 4116166, at *3 (S.D.N.Y. Nov. 16, 2007). However, "the BOP retains discretion under the Second Chance Act to decide" any such placement. *United States v. Accardi*, No. 11 CR 12 RMB, 2013 WL 1903559, at *1 (S.D.N.Y. May 7, 2013) (quoting *Pasonick v. Strada*, No. 12 CR 6204 (SLT), 2013 WL 431332, at *2 (E.D.N.Y. Feb. 4, 2013)).

Given this discretion awarded to BOP, courts in this District have repeatedly declined to modify a defendant's sentence by issuing recommendations to BOP on RRC placements. *See Norville*, 2022 WL 110291, at *2 ("[The defendant] has spent several years in BOP custody and under the agency's supervision, so BOP is best suited to determine whether RRC placement is appropriate for [the defendant]."); *Accardi*, 2013 WL 1903559, at *1. Likewise, the Court declines to infringe on the BOP's discretion to determine whether an RRC placement is appropriate for

Russo. To be clear, "the Court does not oppose a halfway-house placement in this case, if such placement is deemed otherwise appropriate by the BOP." *Venkataram*, 2016 WL 11448569, at *2. The Court merely declines to independently recommend such a placement. *Id.*

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Russo's motion insofar as he requests the Court issue an independent recommendation for an RRC placement. The Clerk of Court is directed to close the motion at *United States v. Russo*, 1:16-cr-00441-PAC, ECF No. 89.

Dated: New York, New York  
June __, 2023

SO ORDERED

_____  
HONORABLE PAUL A. CROTTY  
United States District Judge